George Starke, J.
Plaintiff, a ‘ ‘ mature woman, ’ ’ has an action pending in this court to be tried before a jury. Desirous of an all-feminine- jury, plaintiff instituted this proceeding to declare unconstitutional subdvision 7 of section 599 of the Judiciary Law which permits women to claim exemption from jury service.
The gravamen of this motion is her claim that, as a female plaintiff, this section denies to her the right to a trial by a jury of her peers (in violation of section 1 of article I of the New York State Constitution) and further deprives her of equal protection of the laws (under the Fourteenth Amendment to the U. S. Constitution and section 2 of article I of the New York State Constitution).
She contends that the County Clerk’s records will reveal that, although the population of New York County is approximately equally divided between men and women, women constitute a little less than 20% of the available jury pool. She maintains further that jury service is an obligation, not a privilege of citizenship and it must therefore be assumed that where any group of persons are given the right to claim exemption they will tend to exercise those rights; that since we can assume that men and women are called at random, the initial call would approximate equality. Therefore, in order for the 19% average figure to be reached, it must be assumed that a substantial majority of the women called are in fact claiming this exemption.
She concedes that exemptions are reasonable and proper for felons, soldiers, lawyers, etc. Her sole grievance is with the exemption for women, except possibly those women raising families.
She argues that “in New York State, in 1970, there is no rational ground for denying women the right to serve on juries at their whim. ’ ’
The bone of her contenton is that if less women were exempted, more would serve, and she would thus have a jury all of her own peers.
Her plea is indeed strange. What woman would want to expose herself to the peering eyes of women only? But it is not novel. For we learn from Blackstone’s Commentaries that ‘1 when a widow feigns herself with child, in order to exclude the next heir, and a supposititious birth is suspected to be intended; then upon the writ de ventre inspiciendo (of inspecting pregnancy), a jury of women is to be impaneled to try the questions whether with child or not.” (Lewis ed., Book III, ch. 23, p. 362.)
*897 Plaintiff’s entreaty is, from her viewpoint, rather modest. She does not ask for a female Judge. Although that we have. She does not request female court attendants. That too, we have. She does not seek to declare the Declaration of Independence unconstitutional because it prescribed that only “ all men are created equal. ’ ’ All she wants is a “ jury of her peers, ’ ’ emblazoned as if it came straight out of the Magna Charta (art. 39). In addition to invoking the New York State Constitution and the United States Constitution (Fourteenth Amendment), she also invokes section 13 of the Civil Rights Law.
Plaintiff contends in the alternative that subdivision 7 of section 599 of the Judiciary Law is superseded by section 13 of the Civil Rights Law, which provides that no citizen shall be disqualified or excluded from jury service on account of race, creed, color, national origin or sex.
Plaintiff’s prime difficulty is that she confuses and equates “ a right of exemption ” with “ exclusion ”, from jury service (cf. Ballard v. United States, 329 U. S. 187). The Attorney-General correctly points out that: ‘ ‘ when the Legislature qualifies the fairer sex it can impose conditions or can grant certain privileges without denying a female litigant equal protection, and that plaintiff is not deprived of equal protection just because women can claim a privilege.”
The Attorney-General also calls attention to Fay v. New York (332 U. S. 261, 289-290) where the court in reviewing the history of female service on juries, said: “ It would, in the light of this history, take something more than a judicial interpretation to spell out of the Constitution a command to set aside verdicts rendered by juries unleavened by feminine influence.”
At common law a jury could only be composed of men-free and lawful (Blackstone, supra). While a State has the inherent right to demand jury service from its citizens (Thiel v. Southern Pacific Co., 328 U. S. 217), the equal protection clause of the Fourteenth Amendment did not compel a State to permit women jurors (Matter of Grilli, 110 Misc. 45, affd. 192 App. Div. 885; Strauder v. West Va., 100 U. S. 303). However, a State Legislature has the power to qualify women for jury service (United States v. Wood, 299 U. S. 123; Hoyt v. Florida, 368 U. S. 57).
Exclusion stemming from racial or class prejudice is offensive. (Smith v. Texas, 311 U. S. 128; Thiel v. Southern Pacific Co., supra.) Coupling n right to jury service with a privilege to claim exemption on the part of the one to whom the right is given, does not constitute a denial of due process of law. (Rinaldi v. Yeager, 384 U. S. 305; Carrington v. Rash, 380 *898 TJ. S. 89.) This court agrees wholeheartedly with the Attorney-General’s statement: “ Plaintiff desires to have the Court declare that women are no different from men. To this, the Legislature has said ‘ Vive la difference ’. It has declared that women should not be subjected to jury duty against their will.”
Exemption of a class based on a reasonable classification, and if the manner in which it is exercised rests on a national foundation, it is sufficient to withstand the attack of unconstitutionality.
There is but one difficulty which plaintiff has thus far been unable to surmount. The prerogative of a woman to exempt herself from jury service has consistently been sustained whenever challenged (Near v. Commonwealth, 202 Va. 20, cert. den. 365 U. S. 873; Baker v. United States 401 F. 2d 958; United States v. Caci, 401 F. 2d 664).
Indeed, the constitutionality of this very statute has been sustained by the United States Supreme Court in Fay v. New York (332 U. S. 261, supra). An attack on a similar Florida statute has likewise been rebuffed in Hoyt v. Florida (368 U. S. 57, supra).
Plaintiff is in the wrong forum. Her lament should be addressed to the “ Nineteenth Amendment State of Womanhood ” which prefers cleaning and cooking, rearing of children and television soap operas, bridge and canasta, the beauty parlor and shopping, to becoming embroiled in plaintiff’s problems with her landlord.
Motion denied.